[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2005
THOMAS K. KAHN
CLERK

No. 02-10786

D. C. Docket No. 01-01062-CV-BU-M

EMPLOYERS MUTUAL CASUALTY COMPANY,
an insurance company incorporated in the State of Iowa,

Plaintiff-Appellant,

versus

FLETCHER MALLARD,
BARNIE GILLILAND,

Defendants,

JANICE SHRADER,
DEBRA LYNN MINNIX LIVINGSTON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 9, 2005)**

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

In Employers Mutual Casualty Co. v. Mallard, 309 F.3d 1305 (11th Cir. 2002), Employers Mutual Casualty Company filed a declaratory judgment action in the district court seeking a declaration that the insurance policy it issued to the City of Attalla, Alabama, did not provide coverage for the actions of Officers Fletcher Mallard and Barnie Gilliland, who sexually assaulted Janice Shrader and Debra Lynn Minnix Livingston while the women were in custody. The district court concluded that the police officers' conduct was outside the scope of their duties and, therefore, their conduct was not covered by the policy. Shrader and Livingston appealed.

We certified the following question to the Alabama Supreme Court:

DOES AN INSURANCE POLICY PROVISION LIMITING AN "INSURED" TO AN EMPLOYEE ACTING "WITHIN THE SCOPE OF DUTIES" WHILE CONDUCTING THE BUSINESS OF THE EMPLOYER CONFLICT WITH A SEPARATE PROVISION IN THE SAME INSURANCE POLICY PROVIDING COVERAGE FOR "VIOLATIONS OF CONSTITUTIONAL/CIVIL RIGHTS" SO AS TO CREATE AN AMBIGUITY THAT MUST BE CONSTRUED AGAINST THE INSURER?

Id. at 1311.

The Alabama Supreme Court, after a thorough review of our certified question, provided the following answer:

[W]e hold that a policy provision defining an "insured" as an employee acting "within the scope of duties" while conducting the business of the employer does not conflict with a separate provision in the same insurance policy providing coverage for "violations of constitutional/civil rights" so as to create an ambiguity that must be construed against the insurer.

Shrader v. Employers Mutual Casualty Co., – So.2d –, 2005 WL 435122, at *8 (Ala. Feb. 25, 2005).

Given the Alabama Supreme Court's resolution of this issue, the district court correctly concluded that there was no ambiguity in Employers Mutual Casualty Company's insurance policy. Consequently, the district court also correctly concluded that the actions of Officers Fletcher Mallard and Barnie Gilliland were not covered by that insurance policy.

Accordingly, we affirm the district court's grant of summary judgment in favor of Employers Mutual Casualty Company in this case.

AFFIRMED.